UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DeSEAN ALLEN,

                                              **VERIFIED ANSWER**

                    Plaintiff,

   -against-

METROPOLITAN TRANSPORTATION
AUTHORITY, TOWN OF BABYLON, TOWN OF
ISLIP, COUNTY OF SUFFOLK, and
LONG ISLAND RAIL ROAD,

                                               Index No.: 13 CIV 3106

                    Defendant.
------------------------------------------------------------X

S I R S:

      The Defendant, TOWN OF ISLIP, hereinafter, "Defendant", by their attorneys, JAKUBOWSKI, ROBERTSON, MAFFEI, GOLDSMITH & TARTAGLIA, LLP, as and for their Answer to the plaintiff's Verified Complaint herein alleges as follows:

    1.    Defendant denies knowledge and information sufficient to form a belief as to the allegation(s) contained in paragraph(s) designated as "1", "23", "30", "32", .

    2.    Upon information and belief, defendant, denies each and every allegation contained in paragraph(s) designated as "11", "12", "13", "22", "25", "26", "28", "31", "33", "34", "35", "36", "37", "38", and "39".

    3.    Upon information and belief, defendant, denies each and every allegation contained in paragraph(s) designated as "24", except Answering Defendants respectfully refer all questions of law to the Court.

    4.    Upon information and belief, defendant, denies each and every allegation contained in paragraph(s) designated as "27", except admits that the Town of Islip was served with a purported Notice of Claim and Answering Defendants respectfully refers all questions of law to the Court.

**FOR A FIRST SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:**

5.     That by entering into the activity in which the plaintiff was engaged at the time of the alleged occurrence set forth in the Complaint, said plaintiff knew the hazards thereof; that whatever injuries and damages were sustained by the plaintiff herein as alleged in the Complaint arose from and were caused by reason of such risks and were assumed and accepted by them in performing and engaging in said activities.

6.     Upon information and belief, any past and/or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will, with reasonable certainty, be replaced or indemnified in whole or in part from a collateral source.

**AS AND FOR A SECOND SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF**

7.     If any damages are recoverable against this answering defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral sources.

**AS AND FOR A THIRD SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF**

8.     That if the plaintiff sustained any injuries as alleged, such injuries were caused, in whole or in part, by his own fault and negligence.

**AS AND FOR A FOURTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF**

9. Upon information and belief, plaintiff failed to take all steps necessary and proper to mitigate damages.

**AS AND FOR A FIFTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF**

10. If the liability of the answering defendant is found to be fifty percent or less than fifty percent of the total liability, the answering defendant's liability will be limited pursuant to Article 16 of the CPLR.

**AS AND FOR A SIXTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF**

11. That plaintiff has failed to comply with the provisions of Section 47A-3 of the Town Code, the Town of Islip, in that the plaintiff has failed to establish proof of prior written notice.

**AS AND FOR A SEVENTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF**

12. That plaintiff has failed to comply with the statutory conditions precedent to New York General Municipal Law 50 to commencement of an action against municipal defendants.

13. Plaintiff failed to comply with New York General Municipal Law 50(e) in that Plaintiff failed to establish proof of prior written notice.

### AS AND FOR A EIGHTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF

14. That this answering defendant is afforded the protection of Section 47A-17 of the Town Code in that the abutting landowner has the responsibility to maintain adjoining sidewalks in good and safe repair.

### AS AND FOR AN EIGHTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF

15. Defendant is entitled and asserts the protections and privileges afforded by GOL Section 15-108 wherein if the Plaintiff were to release a joint tortfeasor Plaintiffs claim would be reduced by the greater of (1) any amount stipulated by the release; (2) the amount of consideration paid for it or; (3) the amount of the released tortfeasors equitable share of the damages per CPLR and Article 14.

### AS AND FOR AN EIGHTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF

16. That the complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A CROSS COMPLAINT OVER AND AGAINST THE DEFENDANTS, METROPOLITAN TRANSPORTATION AUTHORITY, TOWN OF BABYLON, COUNTY OF SUFFOLK, and LONG ISLAND RAIL ROAD, THE DEFENDANT, TOWN OF ISLIP, UPON INFORMATION AND BELIEF, ALLEGES:

17. That if plaintiff sustained damages in the manner alleged in the Complaint, and recovers judgment against the answering defendants, TOWN OF ISLIP, such damages will have been brought about in whole or in part as a result of the actions and conduct of the defendants, **METROPOLITAN TRANSPORTATION AUTHORITY, TOWN OF BABYLON, COUNTY OF SUFFOLK, and LONG ISLAND RAIL ROAD**, and the answering defendants shall be entitled to contribution from the defendants, **METROPOLITAN TRANSPORTATION AUTHORITY, TOWN OF BABYLON, COUNTY OF SUFFOLK, and LONG ISLAND RAIL ROAD**, of an equitable share of any such judgment on the basis of the comparative degree of culpability of the said defendants.

**WHEREFORE**, the defendant, TOWN OF ISLIP, demands judgment dismissing the Complaint of the plaintiff herein, together with the costs, disbursements, and Counsel fees incurred in the defense of this action.

Dated: Saint James, New York
       May 29, 2013

_____
BY: MARK GOLDSMITH
JAKUBOWSKI, ROBERTSON, MAFFEI, GOLDSMITH & TARTAGLIA, LLP
Attorneys for the Defendant
969 Jericho Turnpike
Saint James, New York 11780
(631) 360-0400
(631) 360-0408 fax

TO:   JAROSLAWICS & JAROS, LLC
      DAVID JAROSLAWICZ, ESQ.
      DAVE TOLCHIN, ESQ.
      Attorneys for Claimant
      225 Broadway, 24th Floor
      New York, New York 10007

      METROPOLITAN TRANSPORTATION AUTHORITY
      Defendant
      347 Madison Avenue
      New York, New York 10017

      TOWN OF BABYLON
      Defendant
      200 E. Sunrise Highway
      Lindenhurst, New York 11757

      COUNTY OF SUFFOLK
      Defendant
      H. Lee Dennison Building
      100 Veterans Memorial Highway
      Hauppauge, New York 11788

      LONG ISLAND RAIL ROAD
      Defendant
      Jamaica Station
      Jamaica, New York 11435

STATE OF NEW YORK )
                  ) ss:
COUNTY OF SUFFOLK )

MARK GOLDSMITH, being duly sworn deposes and says:

I am Special Counsel to the Town Attorney for the TOWN OF ISLIP, defendant in the action herein. I have read the annexed Answer, and know the contents thereof and the same are true to my knowledge except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe to be true.

_____
MARK GOLDSMITH

Sworn to before me this
29th day of May, 2013

_____
NOTARY PUBLIC

**NICOLE YOUNG**
Notary Public, State of New York
No. 01YO6253794
Qualified in Suffolk County
Commission Expires 01-03-16